# Exhibit A

# Civil Docket       Discovery: 3       **096-249869-10**

Cause Of Action: CONTRACT, INSURANCE

| | NAMES OF PARTIES | ATTORNEYS |
|---|---|---|
| Date Filed<br>12/14/2010 | D.R. HORTON, INC., ET AL | EVANS, BLAKE S<br>STE 630<br>900 JACKSON ST |
| Jury 12/14/2010<br>Fee $ 30.00 | vs. | DALLAS, TX 75202<br>BarID: 06706950TX   Ph (214)744-4400   PLTF<br>SCHUBERT & EVANS P.C. |
| Paid D.R. HORTON<br>By   INC. | AMERICAN GUARANTEE & LIABILITY<br>INSURANCE COMPANY | *Alicia G. Curran (elgfu)*<br>*(214) 462-3000* |

| Date of Orders | ORDERS OF COURT | Was Steno Used? |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | A CERTIFIED COPY<br>ATTEST: 1-11-11<br>THOMAS A. WILDER<br>DISTRICT CLERK<br>TARRANT COUNTY, TEXAS |
| | | *Laura Tanner*<br>DEPUTY |

096-249869-10

JIMSGTM8

TARRANT COUNTY DISTRICT CLERK'S OFFICE      Page:    1
ALL TRANSACTIONS FOR A CASE      Date: 01/11/2011
Time: 08:42

```
        Cause Number: 096-249869-10    Date Filed: 12/14/2010
  D.R. HORTON, INC., ET AL      | v |    AMERICAN GUARANTEE & LIABILITY
                                | s |    INSURANCE COMPANY
_____   Cause of Action: CONTRACT, INSURANCE
_____   Case Status·····: PENDING
```

| Filemark | Description | | Fee Total |
|----------|-------------|---|-----------|
| 12/14/2010 | PLTFS ORIGINAL PETITION | NI | 249.00 |
| 12/14/2010 | COURT COST (PAID) trans #1 | Y | 249.00 |
| 12/14/2010 | JURY FEE | N | 30.00 |
| 12/14/2010 | COURT COST (PAID) trans #3 | Y | 30.00 |
| 12/14/2010 | Citation-ISSUED ON AMERICAN GUARANTEE & LIABILITY | N | 8.00 |
| 12/14/2010 | COURT COST (PAID) trans #5 | Y | 8.00 |
| 01/10/2011 | MOT TO TRANSFER & ORIG ANSWER-AMERICAN GUARANTEE | I | 0.00 |

Total Number Of Records Printed:     7

CAUSE NO. _____ **096  249869  10**

| | | |
|---|---|---|
| D.R. HORTON, INC., 2C DEVELOPMENT COMPANY, LLC, CHI CONSTRUCTION COMPANY, CONTINENTAL HOMES, INC., CONTINENTAL RESIDENTIAL, INC., D.R. HORTON, INC.—BIRMINGHAM, D.R. HORTON, INC.—DENVER, D.R. HORTON LOS ANGELES HOLDING COMPANY, INC., D.R. HORTON VEN, INC., HASKELL CANYON PARTNERS, L.P., HPH HOMEBUILDERS 2000 L.P., SHLR OF CALIFORNIA, INC., SRHI LLC, WESTERN PACIFIC HOUSING, INC., WESTERN PACIFIC HOUSING—PACIFIC PARK II, LLC, WESTERN PACIFIC HOUSING MANAGEMENT, INC., AND WESTERN PACIFIC HOUSING NORCO ESTATES, LLC. | § § § § § § § § § § § § § § § § § | IN THE _____ DISTRICT COURT |
| | § § | |
| Plaintiffs, | § § | |
| | § | |
| v. | § § | |
| | § | |
| AMERICAN GUARANTEE & LIABILITY INSURANCE COMPANY | § § § | |
| | § | OF |
| Defendant. | § § | TARRANT COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

COME NOW, Plaintiffs D.R. Horton, Inc., 2C Development Company, LLC, CHI

Construction Company, Continental Homes, Inc., Continental Residential, Inc., D.R. Horton,

Inc.-Birmingham, D.R. Horton, Inc.-Denver, D.R. Horton Los Angeles Holding Company, Inc.,

D.R. Horton VEN, Inc., Haskell Canyon Partners, L.P., HPH Homebuilders 2000 L.P., SHLR of

California, Inc., SRHI LLC, Western Pacific Housing, Inc., Western Pacific Housing – Pacific

Park II, LLC, Western Pacific Housing Management, Inc. and Western Pacific Housing Norco

Estates, LLC and file this their Plaintiffs' Original Petition and in support thereof would show

the following:

Plaintiffs' Original Petition – Page 1

A CERTIFIED COPY
ATTEST: _1-11-11_
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS

BY _____
DEPUTY

## I.

## <u>DISCOVERY CONTROL LEVEL</u>

1.    Plaintiffs plead that discovery should be conducted under Level 3 in accordance with Rule 190.4 of the Texas Rules of Civil Procedure.

## II.

## <u>PARTIES</u>

2.    Plaintiff D.R. Horton, Inc. ("D.R. Horton") is a Delaware corporation with its principal place of business in Texas.

3.    Plaintiff 2C Development Company LLC is a California limited liability company.

4.    Plaintiff CHI Construction Company is an Arizona corporation.

5.    Plaintiff Continental Homes, Inc. is a Delaware corporation.

6.    Plaintiff Continental Residential, Inc., suing on its own behalf and formerly known as L&W Investments, Inc. and as a member of Paseo del Sol 2000, LLC, is a California corporation.

7.    Plaintiff D.R. Horton, Inc.—Birmingham is an Alabama corporation.

8.    Plaintiff D.R. Horton, Inc. – Denver, suing on its own behalf and d/b/a D.R. Horton—Trimark Communities a/k/a Trimark, d/b/a D.R. Horton—Trimark Series and d/b/a Trimark Communities, is a Delaware corporation.

9.    Plaintiff D.R. Horton Los Angeles Holding Company, Inc. is a California corporation.

10.   Plaintiff D.R. Horton VEN, Inc. f/k/a D.R. Horton San Diego Holding Company is a California corporation.

11.   Plaintiff Haskell Canyon Partners, L.P. is a California limited partnership.

12.   Plaintiff HPH Homebuilders 2000, L.P. is a California limited partnership.

13. Plaintiff SHLR of California, Inc. is a California corporation.

14. Plaintiff SRHI LLC is a Delaware limited liability company.

15. Plaintiff Western Pacific Housing, Inc. is a Delaware corporation with its principal place of business in Texas.

16. Plaintiff Western Pacific Housing – Pacific Park II, LLC is a Delaware limited liability company.

17. Plaintiff Western Pacific Housing Management, Inc. is a California corporation with its principal place of business in Texas.

18. Plaintiff Western Pacific Housing Norco Estates, LLC is a Delaware limited liability company.

19. Additional Plaintiffs in this matter include all other affiliates and/or subsidiaries of D.R. Horton with covered claims that qualify as insureds under the policy at issue in this lawsuit.

20. D.R. Horton and the other Plaintiffs will be collectively hereinafter referred to as "D.R. Horton" or "Plaintiffs."

21. On information and belief, Defendant American Guarantee & Liability Insurance Company ("American Guarantee") is a New York corporation with its principal place of business in Illinois, which has conducted, and is conducting, business in Texas. American Guarantee may be served with process by serving its registered agent, Corporation Service Company, 211 East Seventh Street, Suite 620, Austin, Texas 78701-3218.

## III.

## VENUE AND JURISDICTION

22.     Venue is proper in Tarrant County, Texas under TEX.CIV.PRAC.&REM.CODE §15.002(a)(1) in that all or a substantial part of the events or omissions giving rise to the claims occurred in Tarrant County, Texas.

23.     This Court has jurisdiction over this matter under TEX.CIV.PRAC.&REM.CODE §17.042 and because the amount in controversy exceeds this Court's minimum jurisdictional limits.

## IV.

## BACKGROUND FACTS

24.     D.R. Horton is a Fort Worth, Texas-based homebuilder that constructs residences throughout the United States. The other Plaintiffs in this matter are various subsidiaries and/or affiliated entities of D.R. Horton that are used for operations in several states. As part of its overall insurance program, D.R. Horton purchased a "Following Form Excess Liability Policy" from Defendant American Guarantee,  policy number AEC 3597023-00, for the period July 1, 1999 to July 1, 2000 (the "Policy"). The Policy contains a $25,000,000 per occurrence/other aggregate/products-completed operations aggregate limit. The Plaintiff subsidiaries and affiliated entities of D.R. Horton qualify as Insureds under the Policy.

25.     The American Guarantee Policy is a second-level excess policy directly over a first-level excess/umbrella policy issued by National Union Fire Insurance Company of Pittsburgh, Pa. for the same period, policy no. BE 701-35-17, containing $25,000,000 per occurrence/general aggregate/products-completed operations aggregate limits (the "National Union First-Level Excess Policy"). The National Union First-Level Excess Policy, in turn, sits directly over a primary commercial general liability policy issued by Admiral Insurance Company for the same

period, policy no. A99AG06800, with limits in the amount of $1,000,000 per occurrence and $2,000,000 products-completed operations aggregate (the "Admiral Primary Policy").

26.    As a second-level excess insurer, American Guarantee's coverage obligations are triggered upon exhaustion of the applicable limits under both the Admiral Primary and National Union First-Level Excess Policies.   The products/completed operations limits under these Policies were, in fact, exhausted through payment of defense costs, settlements and judgments on various claims over the years.        D.R. Horton timely and appropriately notified American Guarantee of the exhaustion and tendered a number of claims for which coverage is afforded under the Policy.   Those claims include, but are not limited to, the following:

- *Adkison v. DR Horton, et al*; Case No. GIN043366 (and American Guarantee Claim No. 9260046233); filed in San Diego County (California) Superior Court;

- *Aliberto, et al. v. Continental Homes, Inc., et al.*; Case No. CV2004-013831 (and American Guarantee Claim No. 9260044724); filed in Maricopa County (Arizona) District Court;

- *Anoba v. 2C Development Co., LLC, et al.*; filed in Alameda County (California) Superior Court;

- *Barbosa, et al. v. DR Horton Los Angeles Holding Company, et al.*; Case No. SCVSS144725 (and American Guarantee Claim No. 9260044723); filed in San Bernadino County (California) Superior Court;

- *Baron, et al. v. AV Partnership, et al.*; Case No. 07CC01251 (and American Guarantee Claim No. 9260045120); filed in Orange County (California) Superior Court;

- *Berry, et al. v. Continental Homes, Inc., et al.*; Case No. RIC447477 (and American Guarantee Claim No. 9260046355); filed in Riverside County (California) Superior Court;

- *Brooks, et al. v. DR Horton, et al.*; Case No. A536286 (and American Guarantee Claim No. 9260046641); filed in Clark County (Nevada) District Court;

- *Bynon, et al. v. Continental Homes, Inc., et al.*; (American Guarantee Claim No. 9260048275);

- *Capko, et al. v. Continental Homes, Inc., et al.*; Case No. CV2004-007084 (and American Guarantee Claim No. 9260046261); filed in Maricopa County (Arizona) District Court;

- *Carlyle Park Homeowners Association v. DR Horton, Inc., et al.*; Case No. 03CV1345 (and American Guarantee Claim No. 9260046288); filed in Arapahoe County (Colorado) District Court;

- *Cherry Grove East II Condo. Assn., Inc. v. D.R. Horton, Inc. – Denver*, Case No. 2005CV4459; filed in Arapahoe County (Colorado) District Court;

- *Cox, et al. v. Continental Homes, Inc., et al.*; Case No. CV2004-006611 (and American Guarantee Claim No. 9260046255); filed in Maricopa County (Arizona) District Court;

- *Ellis, et al. v. DR Horton Los Angeles Holding Group, Inc., et al.*; Case No. RIC453801 (and American Guarantee Claim No. 9260046639); filed in Riverside County (California) Superior Court;

- *Endow v. DR Horton Los Angeles Holding Company, Inc., a California Corporation, et al.*; filed in Orange County (California) Superior Court;

- *First Light HOA v. DR Horton, Inc., et al.*; Case No. 05-A-499743-C (and American Guarantee Claim No. 9260046231); filed in Clark County (Nevada) District Court;

- *Garza, et al. v. SRH Investments I LLC, et al.*; Case No. BC358763 (and American Guarantee Claim No. 9260046250); filed in Los Angeles County (California) Superior Court;

- *Hollins, et al. v. Western Pacific Housing, et al.*; Riverside County (California) Superior Court;

- *Jordan, et al. v. DR Horton, Inc.—Birmingham, et al.*;

- *Lindsay, et al. v. AV Partnership, et al.*; Case No. 05CC00174 (and American Guarantee Claim No. 9260045120); filed in Orange County (California) Superior Court;

- *Lloyd, et al. v. SRHI, LLC, et al.*; filed in Riverside County (California) Superior Court;

- *Miley, et al. v. DR Horton, et al.*; Case No. SCVSS120215 (and American Guarantee Claim No. 9260046229); filed in San Bernardino County (California) Superior Court;

- *Plant, et al. v. DR Horton, Inc., et al.*; Case No. 06CV1139 (and American Guarantee Claim No. 9260046232); filed in Jefferson County (Colorado) District Court;

- *Rodney v. Western Pacific Housing-Murrieta, LLC, et al.*; Riverside County (California) Superior Court;

- *St. Andrews at Plum Creek Condominium Association v. DR Horton, Inc.—Denver, et al.*; Case No. 04CV1638 (and American Guarantee Claim No. 9260044387); filed in Douglas County (Colorado) District Court;

- *Sterling Commons II Condominium Association v. DR Horton—Denver, et al.*; Case No. 03CV5166 (and American Guarantee Claim No. 9260045622); filed in Arapahoe County (Colorado) District Court;

- *Tract 15259 Homeowners Association AKA Orleans Homeowners Association v. Western Pacific Housing, et al.*; Case No. 06CC00194 (and American Guarantee Claim No. 9260046234); filed in Orange County (California) Superior Court;

- the *Uponor* matter; and

- *Wildflower at Hunter's Glenn Homeowners Association v. DR Horton, Inc., et al.*; Case No. 2006CV3462 (and American Guarantee Claim No. 9260046230); filed in Arapahoe County (Colorado) District Court.

(All of the covered claims tendered by D.R. Horton will hereinafter collectively be referred to as the "Covered Claims").

27.     Pursuant to the Policy, D.R. Horton timely placed American Guarantee on notice of the Covered Claims and demanded reimbursement of paid defense costs, settlements and judgments. To date, however, American Guarantee has yet to reimburse D.R. Horton on any Covered Claims.  Despite having received adequate evidence of exhaustion of the underlying policies, American Guarantee incorrectly contended otherwise in an attempt to avoid payment of contractually-owed benefits.   Additionally, American Guarantee asserted a variety of other coverage defenses that, simply put, are meritless on their face.

### V.

### CAUSES OF ACTION

28.     D.R. Horton alleges and incorporates by reference the foregoing paragraphs.

#### A.     Breach of Contract

29.     Under the Policy, American Guarantee is obligated to reimburse D.R. Horton for amounts incurred as a result of the Covered Claims.

30.     D.R. Horton has fully performed any and all applicable conditions precedent to full recovery under the Policy.

31.     D.R. Horton specifically alleges that the Policy at issue unambiguously obligates American Guarantee to reimburse D.R. Horton for the covered amounts, or, alternatively, that the Policy is ambiguous and all ambiguities are resolved in favor of coverage and reimbursement. American Guarantee's failure to pay any proceeds in connection with any of the Covered Claims is a breach of the Policy.

32.     In addition to actual and consequential damages resulting from the breach, D.R. Horton is entitled to recover its reasonable and necessary attorneys' fees and expenses incurred in connection with the prosecution of this lawsuit pursuant to §38.001 of the Texas Civil Practice and Remedies Code.


**B.      Prompt Payment Statute**

33.     American Guarantee violated TEX.INS.CODE §542.051 *et seq.* by failing to timely reimburse D.R. Horton for the Covered Claims.

34.     Accordingly, D.R. Horton is entitled under TEX.INS.CODE §542.060 to recover (1) the expenses, settlements and/or judgments paid in connection with the Covered Claims, (2) a statutory 18% penalty, and (3) its reasonable and necessary attorneys' fees and expenses incurred in the prosecution of this lawsuit.


**C.      Unfair Method of Competition and Unfair or Deceptive Acts**

35.     American Guarantee misrepresented the terms of the Policy and the benefits or advantages promised by the Policy in violation of TEX.INS.CODE §541.051.


**Plaintiffs' Original Petition – Page 8**

36.     American Guarantee has also violated TEX.INS.CODE §541.060(a)(2)(A) because it refused and failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of multiple claims with respect to which American Guarantee's liability had become reasonably clear.

37.     In its handling of the Covered Claims, American Guarantee failed "to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim." TEX.INS.CODE § 541.060(a)(3).

38.     American Guarantee also violated the Texas Insurance Code by failing to "affirm or deny coverage of a claim to a policyholder" within a reasonable time. TEX.INS.CODE § 541.060(a)(4).

39.     Similarly, American Guarantee violated the Texas Insurance Code by "refusing to pay a claim without conducting a reasonable investigation with respect to the claim." TEX.INS.CODE § 541.060(a)(7).

40.     American Guarantee's conduct caused, and continues to cause, D.R. Horton injury and D.R. Horton is entitled to damages within the jurisdictional limits of this Court, as well as its attorneys' fees, costs and expenses incurred in connection with the prosecution of this lawsuit pursuant to TEX.INS.CODE §§541.151 and 541.152. American Guarantee's violations were committed knowingly thereby entitling D.R. Horton to a trebling of its actual damages. TEX.INS.CODE § 541.152.

## VI.

### JURY DEMAND

41.    D.R. Horton respectfully demands a trial by jury as to its causes of action and is paying the appropriate jury fee to the Clerk of the Court contemporaneously with the filing of this lawsuit.

## VII.

### PRAYER

42.    WHEREFORE, Plaintiffs request this Court to grant them the following relief:

(1)    Judgment awarding Plaintiffs all damages, including but not limited to actual and consequential damages, suffered as a result of the breaches of contract by American Guarantee in failing to reimburse paid defense costs, expenses, judgments and/or settlements under the Policy at issue in connection with the Covered Claims;

(2)    Statutory interest of 18% pursuant to Tex.Ins.Code §542.051, *et seq.*;

(3)    Actual damages, treble damages and penalties pursuant to Tex.Ins.Code §541.060, §541.151 and §541.152;

(4)    Judgment that Plaintiffs are entitled to recover their costs, expenses and reasonable attorneys' fees against American Guarantee under Tex.Civ.Prac.&Rem.Code §38.001, Tex.Ins.Code §542.060 and §541.152.

(5)    Judgment awarding Plaintiffs pre-judgment and post-judgment interest in the amount allowed by law; and

(6)    Such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

By: _____
Blake S. Evans
State Bar No. 06706950
E-Mail:  bevans@schubertevans.com
Stephen Burnett
State Bar No. 24006931
E-Mail:  sburnett@schubertevans.com

**SCHUBERT & EVANS, P.C.**
900 Jackson, Suite 630
Dallas, Texas  75202
Telephone:  214.744.4400
Facsimile:  214.744.4403

ATTORNEYS FOR PLAINTIFFS

**Plaintiffs' Original Petition – Page 11**

Plaintiffs, continued...

CONTINENTAL HOMES, INC.,
CONTINENTAL RESIDENTIAL, INC.,
D.R. HORTON, INC. – BIRMINGHAM,
D.R. HORTON, INC. – DENVER,
D.R. HORTON LOS ANGELES HOLDING COMPANY, INC.,
D.R. HORTON VEN, INC.,
HASKELL CANYON PARTNERS, L.P.,
HPH HOMEBUILDERS 2000 L.P.,
SHLR OF CALIFORNIA, INC.,
SRHI, LLC,
WESTERN PACIFIC HOUSING, INC.,
WESTERN PACIFIC HOUSING – PACIFIC PARK II, LLC,
WESTERN PACIFIC HOUSING MANAGEMENT, INC., AND
WESTERN PACIFIC HOUSING NORCO ESTATES, LLC



**SCHUBERT | EVANS**
ATTORNEYS AND COUNSELORS  096  249869  10

December 14, 2010

**VIA HAND DELIVERY**
Thomas A. Wilder
Tarrant County District Clerk
401 W. Belknap
Fort Worth, TX  76196

> Re:   Cause No. _____; *D.R. Horton, Inc., et al. v. American Guarantee &*
> *Liability Insurance Company*, in the ___ District Court of Tarrant County,
> Texas

Dear Mr. Wilder:

Enclosed please find an original and one (1) copy of the required State of Texas Civil Case Information Sheet, along with an original and two (2) copies of Plaintiffs' Original Petition.

Please file the pleadings with the papers of the Court and return the file-marked copies to me via the waiting courier.  Please issue one citation to the Defendant as indicated within the Petition and return this citation to the waiting courier.

Also enclosed is our firm check in the amount of $287.00 representing the filing fee, the jury fee, and the issuance of one citation.

Thank you for your courtesies in this matter.

Very truly yours,

~~Blake S. Evans~~

FILED
TARRANT COUNTY
20 DEC 14  PM 3:49
THOMAS A. WILDER
DISTRICT CLERK

BSE/jea
Enclosures

12/14/10 _____ (Date)
sent a copy of letter
To Doc prod ___ (initials).

900 Jackson Street, Suite 630  |  Dallas, Texas 75202  |  p) 214.744.4400  |  f) 214.744.4403  |  www.schubertevans.com

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* **096  249869  10** COURT *(FOR CLERK USE ONLY):* _____

STYLED D.R. HORTON, INC., 2C DEVELOPMENT COMPANY, LLC, CHI CONSTRUCTION COMPANY, CONTINENTAL HOMES, INC., CONTINENTAL RESIDENTIAL, INC., D.R. HORTON, INC. – BIRMINGHAM, D.R. HORTON, INC. – DENVER, D.R. HORTON LOS ANGELES HOLDING COMPANY, INC., D.R. HORTON VEN, INC., HASKELL CANYON PARTNERS, L.P., HPII HOMEBUILDERS 2000 L.P., SHLR OF CALIFORNIA, INC., SRIII LLC, WESTERN PACIFIC HOUSING, INC., WESTERN PACIFIC HOUSING – PACIFIC PARK II, LLC, WESTERN PACIFIC HOUSING MANAGEMENT, INC., AND WESTERN PACIFIC HOUSING NORCO ESTATES, LLC v. AMERICAN GUARANTEE & LIABILITY INSURANCE COMPANY

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing. This sheet, approved by the Texas Judicial Council, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name:<br>Blake Evans<br><br>Address:<br>900 Jackson St., #630<br><br>City/State/Zip:<br>Dallas, Texas 75202<br><br>Signature | Email:<br>bevans@schubertevans.com<br><br>Telephone:<br>214-744-4400<br><br>Fax:<br>214-744-4403<br><br>State Bar No:<br>06706950 | Plaintiff(s)/Petitioner(s):<br><br>D.R. Horton, Inc.<br>2C Development Company, LLC,<br>CHI Construction Company,<br>*(see attached for further Plaintiffs)*<br><br>Defendant(s)/Respondent(s):<br><br>American Guarantee & Liability<br>Insurance Company<br>[Attach additional page as necessary to list all parties] | ■ Attorney for Plaintiff/Petitioner<br>☐ *Pro Se* Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other:<br><br>Additional Parties in Child Support Case:<br>Custodial Parent:<br><br>Non-Custodial Parent:<br><br>Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case *(select only 1)*:**

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☐ Consumer/DTPA<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract:<br><br>*Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>■ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract:<br>_____ | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>☐ Accounting<br>☐ Legal<br>☐ Medical<br>☐ Other Professional<br>  Liability:<br>☐ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>☐ Asbestos/Silica<br>☐ Other Product Liability<br>  List Product:<br>_____<br><br>☐ Other Injury or Damage: | ☐ Eminent Domain/<br>  Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property:<br>_____<br><br>**Related to Criminal Matters**<br>☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus—<br>  Pre-indictment<br>☐ Other: | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>☐ With Children<br>☐ No Children<br><br><br><br><br>**Other Family Law**<br>☐ Enforce Foreign<br>  Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities<br>  of Minority<br>☐ Other: | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other<br>**Title IV-D**<br>☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order<br><br>**Parent-Child Relationship**<br>☐ Adoption/Adoption with<br>  Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Paternity/Parentage<br>☐ Termination of Parental<br>  Rights<br>☐ Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment: | ☐ Administrative Appeal<br>☐ Antitrust/Unfair<br>  Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: | | |
| **Tax** | **Probate & Mental Health** | | | |
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: | | |

**3. Indicate procedure or remedy, if applicable *(may select more than 1)*:**

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court<br>☐ Arbitration-related<br>☐ Attachment<br>☐ Bill of Review<br>☐ Certiorari<br>☐ Class Action | ☐ Declaratory Judgment<br>☐ Garnishment<br>☐ Interpleader<br>☐ License<br>☐ Mandamus<br>☐ Post-judgment | ☐ Prejudgment Remedy<br>☐ Protective Order<br>☐ Receiver<br>☐ Sequestration<br>☐ Temporary Restraining Order/Injunction<br>☐ Turnover |

FILED
TARRANT COUNTY
2010 DEC 14 PM 3:49
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 096 249869 10

| | | |
|---|---|---|
| D.R. HORTON, INC., 2C | § | IN THE DISTRICT COURT |
| DEVELOPMENT COMPANY, LLC, | § | |
| CHI CONSTRUCTION COMPANY, | § | |
| CONTINENTAL HOMES, INC., | § | |
| CONTINENTAL RESIDENTIAL, INC., | § | |
| D.R. HORTON, INC. – BIRMINGHAM, | § | |
| D.R. HORTON, INC. – DENVER, D.R. | § | |
| HORTON LOS ANGELES HOLDING | § | |
| COMPANY, INC., D.R. HORTON | § | |
| VEN, INC., HASKELL CANYON | § | |
| PARTNERS, L.P., HPH | § | |
| HOMEBUILDERS 2000 L.P., SHLR OF | § | TARRANT COUNTY, TEXAS |
| CALIFORNIA, INC., SRHI LLC, | § | |
| WESTERN PACIFIC HOUSING, INC., | § | |
| WESTERN PACIFIC HOUSING – | § | |
| PACIFIC PARK II, LLC, WESTERN | § | |
| PACIFIC HOUSING MANAGEMENT, | § | |
| INC., AND WESTERN PACIFIC | § | |
| HOUSING NORCO ESTATES, LLC. | § | |
|     Plaintiffs | § | |
| | § | |
| v.- | § | |
| | § | |
| AMERICAN GUARANTEE & | § | |
| LIABILITY INSURANCE COMPANY | § | |
|     Defendant | § | 96TH JUDICIAL DISTRICT |

A CERTIFIED COPY

ATTEST: _1- 11- 11_
    THOMAS A. WILDER
    DISTRICT CLERK
    TARRANT COUNTY, TEXAS

BY: _Laura Tann_
        DEPUTY

## MOTION TO TRANSFER VENUE AND SUBJECT THERETO ORIGINAL ANSWER FOR DEFENDANT
## AMERICAN GUARANTEE & LIABILITY INSURANCE COMPANY

COMES NOW Defendant, American Guarantee & Liability Insurance Company ("Defendant"), and files its Original Answer to Plaintiffs' Original Petition, and respectfully states as follows:

### I.
### MOTION TO TRANSFER VENUE

Defendant denies that venue is proper in Tarrant County, Texas. More specifically, Defendant denies Plaintiffs' allegation that venue is proper in Tarrant County, Texas under

Tex.Civ.Prac.&Rem.Code §15.002(a)1) in that all or a substantial part of the events or omissions giving rise to the claims occurred in Tarrant County, Texas.

## II.
### SUBJECT TO ITS MOTION TO TRANSFER VENUE, DEFENDANT'S GENERAL AND SPECIFIC DENIALS

1.      Defendant generally denies each and every allegation pled by Plaintiffs in Plaintiffs' Original Petition, and all subsequent amendments and supplements thereto, and requires that Plaintiffs prove same by the standard of proof provided by the Constitution and laws of this State.

2.      Defendant specifically denies that venue is proper in Tarrant County, Texas under Tex.Civ.Prac.&Rem.Code §15.002(a)1) in that all or a substantial part of the events or omissions giving rise to the claims occurred in Tarrant County, Texas.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that, upon final trial and hearing hereof, Plaintiffs take nothing and that Defendant recover its costs, fees, expenses, and for all relief, at law and in equity, to which it is entitled.

Respectfully submitted,

Alicia G. Curran
State Bar Number 12587500
COZEN O'CONNOR
1717 Main Street, Suite 3400
Dallas, Texas 75201-7335
Telephone: (214) 462-3000
Facsimile: (214) 462-3299

**ATTORNEYS FOR DEFENDANT
AMERICAN GUARANTEE & LIABILITY
INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of January, 2011, a true and correct copy of the above and foregoing was sent to Plaintiffs' counsel, via certified mail, return receipt requested.

Blake S. Evans, Esq.
Schubert & Evans, P.C.
900 Jackson, Suite 630
Dallas, TX  75202

Alicia G. Curran

DALLAS\499664\1  279805.000



**COZEN**
**O'CONNOR**

A PROFESSIONAL CORPORATION

1717 MAIN STREET    SUITE 3400    DALLAS, TX 75201    214.462.3000    800.448.1207    214.462.3299 FAX    www.cozen.com

January 7, 2011

Alicia G. Curran
Direct Phone 214.462.3021
acurran@cozen.com

**VIA CERTIFIED MAIL**
**7008 3230 0001 0188 7976**

District Clerk
96th Judicial District
Tim Curry Justice Center
401 West Belknap Street
7th Floor - West
Fort Worth, TX 76196

Re:    Cause No. 096 249869 10, *D.R. Horton, Inc., et al v. American Guarantee & Liability*
       *insurance Company*, 96th Judicial District, Tarrant County, Texas
       Our File No. 279805

Dear Clerk:

       Enclosed for filing is the original and one (1) copy of a *Motion to Transfer Venue and*
*Subject Thereto Original Answer for Defendant American Guarantee & Liability Insurance*
*Company* in connection with the above-referenced matter. Please return the file-marked copy to
this office in the envelope provided for your convenience. *AM  1·11·2 4*

       By copy of this letter, Plaintiffs' counsel is being provided a copy of same via certified
mail, return receipt requested.

       Thank you.

Sincerely,

COZEN O'CONNOR

By:    Alicia G. Curran

AGC
Enclosure

cc:    Blake S. Evans, Esq. (Via CMRRR # 7008 3230 0001 0188 7983

DALLAS\499683\1  279805.000

CAUSE NO. 096 249869 10

| | | |
|---|---|---|
| D.R. HORTON, INC., 2C | § | IN THE DISTRICT COURT |
| DEVELOPMENT COMPANY, LLC, | § | |
| CHI CONSTRUCTION COMPANY, | § | |
| CONTINENTAL HOMES, INC., | § | |
| CONTINENTAL RESIDENTIAL, INC., | § | |
| D.R. HORTON, INC. – BIRMINGHAM, | § | |
| D.R. HORTON, INC. – DENVER, D.R. | § | |
| HORTON LOS ANGELES HOLDING | § | |
| COMPANY, INC., D.R. HORTON | § | |
| VEN, INC., HASKELL CANYON | § | |
| PARTNERS, L.P., HPH | § | |
| HOMEBUILDERS 2000 L.P., SHLR OF | § | TARRANT COUNTY, TEXAS |
| CALIFORNIA, INC., SRHI LLC, | § | |
| WESTERN PACIFIC HOUSING, INC., | § | |
| WESTERN PACIFIC HOUSING – | § | |
| PACIFIC PARK II, LLC, WESTERN | § | |
| PACIFIC HOUSING  MANAGEMENT, | § | |
| INC., AND WESTERN PACIFIC | § | |
| HOUSING NORCO ESTATES, LLC. | § | |
|     Plaintiffs | § | |
| | § | |
| | § | |
| v.- | § | |
| | § | |
| AMERICAN GUARANTEE & | § | |
| LIABILITY INSURANCE COMPANY | § | |
|     Defendant | § | 96TH  JUDICIAL DISTRICT |

### MOTION TO TRANSFER VENUE AND SUBJECT THERETO
### FIRST AMENDED ORIGINAL ANSWER FOR DEFENDANT
### AMERICAN GUARANTEE & LIABILITY INSURANCE COMPANY

COMES NOW Defendant, American Guarantee & Liability Insurance Company ("AGLIC"), and files its Original Answer to Plaintiffs' Original Petition, and respectfully states as follows:

## I.
## MOTION TO TRANSFER VENUE

AGLIC denies that venue is proper in Tarrant County, Texas.  More specifically, AGLIC denies Plaintiffs' allegation that venue is proper in Tarrant County, Texas under

Tex.Civ.Prac.&Rem.Code §15.002(a)1) in that all or a substantial part of the events or omissions giving rise to the claims occurred in Tarrant County, Texas.

## II.
## SUBJECT TO ITS MOTION TO TRANSFER VENUE, DEFENDANT'S GENERAL AND SPECIFIC DENIALS

1.  AGLIC admits paragraphs 1 through 19 of Plaintiffs' Original Petition.

2.  AGLIC has insufficient information to admit or deny paragraph 19 of Plaintiffs' Original Petition, therefore, deny.

3.  Paragraph 20 does not require an admission or denial.

4.  AGLIC admits paragraph 21.

5.  AGLIC specifically denies paragraph 22 of Plaintiffs' Original Petition that venue is proper in Tarrant County, Texas under Tex.Civ.Prac.&Rem.Code §15.002(a)1) in that all or a substantial part of the events or omissions giving rise to the claims occurred in Tarrant County, Texas.

6.  AGLIC denies paragraph 23 of Plaintiffs' Original Petition.

7.  Regarding paragraph 24 of Plaintiffs' Original Petition, AGLIC admits that Plaintiff D.R. Horton, Inc. is a Fort Worth, Texas-based homebuilder that constructs residences. AGLIC also admits that it issued Plaintiff D.R. Horton, Inc. a following form excess liability policy, policy number AEC 3597023-00 for the period July 1, 1999 to July 1, 2000 (the "Policy"), which Policy provides limits of coverage of $25 million per occurrence/other aggregate/products-completed operations aggregate excess $25 million, subject to all other terms, conditions, exclusions, sublimits, endorsements, and provisions of the Policy. AGLIC denies the remainder of the allegations contained in Paragraph 24.

8.  AGLIC admits paragraph 25 of Plaintiffs' Original Petition.

9.  AGLIC denies paragraphs 26 and 27 of Plaintiffs' Original Petition.

10.     AGLIC incorporates by reference as though set forth verbatim its responses to paragraphs 1-27 hereinabove in response to paragraph 28 of Plaintiffs' Original Petition.

11.     AGLIC denies paragraphs 29 through 40 of Plaintiffs' Original Petition.

12.     Regarding paragraph 41 of Plaintiffs' Original Petition, AGLIC admits that D.R. Horton requested a jury trial in the State Court Action and paid its jury fee.

13.     AGLIC denies paragraph 42 of Plaintiffs' Original Petition.

### GENERAL DENIALS AND AFFIRMATIVE DEFENSES

14.     AGLIC generally denies each and every allegation pled by Plaintiffs in Plaintiffs' Original Petition, and all subsequent amendments and supplements thereto, and requires that Plaintiffs prove same by the standard of proof provided by the Constitution and laws of this State.

15.     AGLIC denies that Plaintiffs complied with all conditions precedent to coverage under the Policy (a true and correct copy of which is attached hereto and set forth herein as Exhibit "A" and incorporated herein as if set forth verbatim).  Specifically, Plaintiffs failed to prove that the applicable provisions, conditions, limits and deductibles of the underlying policies have been paid and/or satisfied so as to trigger AGLIC's duty to indemnify Plaintiffs under the Excess Policy.

16.     Plaintiffs' claims for loss and/or damage may be precluded by the terms, conditions, provisions, exclusions, limits and sublimits of the Primary Policy and the Excess Policy and the endorsements attached thereto.   To the extent necessary, AGLIC asserts affirmatively every term, condition, provision, exclusion, limit and sublimit of the underlying policy and its Policy and the endorsements attached thereto.

17.     Plaintiffs' claims are barred because they have failed to comply with conditions precedent of the Policy.

18.     Plaintiffs' claimed damages are precluded from coverage under the Policy because Plaintiffs alleged loss or damage did not occur during the Policy's policy period.

19.     In the event Plaintiffs have any damages, Plaintiffs have the burden of allocating between covered and uncovered damages.

20.     Plaintiffs' claims are barred by laches.

21.     Plaintiffs' claims are, in the alternative, barred based on accord and satisfaction.

22.     Plaintiffs' claims are barred by the applicable statutes of limitations.

23.     AGLIC denies that it has breached its Policy with Plaintiffs, but in the strict alternative, should it be found that the Policy was breached, AGLIC denies Plaintiffs' claim alleging violations of the Unfair Method of Competition and Unfair or Deceptive Acts under Chapter 541 of the Texas Insurance Code, as a bona fide dispute existed and continues to exist concerning AGLIC's liability under the Policy for Plaintiffs' claims.

24.     AGLIC is not liable under Chapter 542 of the Texas Insurance Code because Plaintiffs failed to provide AGLIC with written notice of claim that reasonably apprised AGLIC of the facts relating to Plaintiffs' claims and all items, statements, and forms required by AGLIC to support a claim have yet to be provided by Plaintiffs or received by AGLIC.

26.     Without waiving the foregoing and for further answer, if any be necessary, AGLIC reserves the right to amend its answer to Plaintiffs' allegations after it has an opportunity to more closely investigate those claims, as is its right and privilege.

WHEREFORE, PREMISES CONSIDERED, AGLIC prays that, upon final trial and hearing hereof, Plaintiffs take nothing and that AGLIC recover its costs, fees, expenses, and for all relief, at law and in equity, to which it is entitled.

Respectfully submitted,

*Alicia A. Curran*

Alicia G. Curran
State Bar Number 12587500
COZEN O'CONNOR
1717 Main Street, Suite 3400
Dallas, Texas 75201-7335
Telephone:  (214) 462-3000
Facsimile:  (214) 462-3299

**ATTORNEYS FOR DEFENDANT
AMERICAN GUARANTEE & LIABILITY
INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of January, 2011, a true and correct copy of the above and foregoing was sent to Plaintiffs' counsel, via certified mail, return receipt requested.

Blake S. Evans, Esq.
Schubert & Evans, P.C.
900 Jackson, Suite 630
Dallas, TX  75202

*Alicia A. Curran*

Alicia G. Curran

DALLAS\500332\1  279805.000

# EXHIBIT  A

# Following Form Excess Liability Policy

Declarations



**ZURICH**

| | |
|---|---|
| AMERICAN GUARANTEE & LIABILITY INSURANCE COMPANY | [X] |
| AMERICAN ZURICH INSURANCE COMPANY | [ ] |
| ZURICH AMERICAN INSURANCE COMPANY OF ILLINOIS | [ ] |

**Policy Number:** AEC 3597023 00        Renewal of Number: NEW

1. **Named Insured:** D. R. Horton, Inc.     **Producer:** WILLIS CORROON CORP.OF FL

2. **Mailing Address:** 1901 Ascension Blvd
Arlington, TX 760066521

7650 COURTNEY CAMPBELL CY   SUITE 920
TAMPA, FL 33607

3. **Policy Period:** FROM: 07/01/1999 TO: 07/01/2000
at 12:01 A.M. Standard Time at the address of the Named Insured.

4. **Limits Of Insurance:**

| | | | |
|---|---|---|---|
| A. | $25,000,000 | Occurrence | |
| B. | $25,000,000 | Other Aggregate Products/Completed | |
| C. | $25,000,000 | Operations Aggregate | |

5. **Policy Premium:**

| | |
|---|---|
| Advance Premium | $70,000 |
| Policy Minimum Earned Premium | $17,500 |

6. **Underlying Insurance:**

   A. **Controlling Underlying Policy:**

      Insurance Company:   National Union Fire Insurance Company of Pittsburgh, PA

      Policy Number:   BE 701-35-17

      Policy Period:  From: 07/01/1999   To: 07/01/2000

      Limits Of Insurance:

| | |
|---|---|
| $25,0000,000. | Occurrence |
| $25,000,0000. | Other Aggregate Products/Completed |
| $25,000,000. | Operations Aggregate |

   B. **Total Limits Of All Underlying Insurance, Including The Controlling Underlying Policy Which This Policy Applies Excess Of:**

| | |
|---|---|
| $ | Occurrence |
| $ | Other Aggregate Products/Completed |
| $ | Operations Aggregate |

7. **Endorsements Attached:**   See Attached Schedule Of Forms And Endorsements

Signed by: _[signature]_          10-25-99
Authorized Representative            Date

# Schedule of Forms and Endorsements



**ZURICH**

| Policy No. | Eff. Date of Pol. | Exp. Date of Pol. | Eff. Date of End. | Producer | | |
|---|---|---|---|---|---|---|
| AEC 3597023.00 | 07/01/1999 | 07/01/2000 | 07/01/1999 | 88004000 | | |

**Named Insured and Mailing Address:**

D. R. Horton, Inc.
1901 Ascension Blvd
Arlington, TX 760066521

**Producer:**

WILLIS CORROON CORP.OF FL
7650 COURTNEY CAMPBELL CY     SUITE 920
TAMPA, FL 33607

## Schedule of Forms and Endorsements

| | | | |
|---|---|---|---|
| Following Form Excess Liability Policy Jacket | U-EXS-218-A CW (4/99) | | |
| Notice to Policyholders | U-GU-486-A CW (9/98) | | |
| Notice to Policyholders | U-GU-496-A TX (10/98) | | |
| Important Notice-TX | U-GU-296-C TX (7/94) | | |
| Following Form Excess Liability Policy | U-EXS-100-A CW (4/99) | | |
| Following Form Excess Liability Policy Declarations | U-EXS-D-100-A CW (4/99) | | |
| Schedule of Forms and Endorsements | U-EXS-215-A CW (4/99) | | |
| Absolute Pollution Exclusion | U-EXS-205-A CW (4/99) | Endt # | 1 |
| Texas Policyholder Notice Asbestos Exclusion | U-EXS-223-A TX (4/99) | Endt # | 2 |
| Discrimination Exclusion | U-EXS-130-A CW (4/99) | Endt # | 3 |
| Known Loss and Loss In Progress Exclusion | U-EXS-144-A CW (4/99) | Endt # | 4 |
| Designated Premises Exclusion | U-EXS-123-A CW (4/99) | Endt # | 5 |
| Texas Policyholder Notice Lead Exclusion | U-EXS-225-A TX (4/99) | Endt # | 6 |
| Texas Abuse or Molestation Exclusion | U-EXS-221-A TX (4/99) | Endt # | 7 |
| Insurance Related Operations Exclusion | U-EXS-142-A CW (4/99) | Endt # | 8 |
| Texas Sexually Transmitted Disease Exclusion | U-EXS-226-A TX (4/99) | Endt # | 9 |
| Texas Policyholder Notice Electromagnetic Radiation Exclusion | U-EXS-224-A TX (4/99) | Endt # | 10 |
| Exclusion - Year 2000 And Other Date-Related Problems | U-GL-955-A CW (6/98) | Endt # | 11 |
| Texas Changes - Settlement Notification | U-EXS-222-A TX (4/99) | Endt # | 12 |
| Texas Changes | U-EXS-212-A TX (4/99) | Endt # | 13 |
| Contractors Limitation Endorsement | U-EXS-116-A CW (4/99) | Endt # | 14 |
| Notice Of Occurrence Endorsement | U-EXS-150-A CW (4/99) | Endt # | 15 |
| In Witness Clause | U-EXS-217-A CW (4/99) | | |

Signed by: _____        10-25-99
          Authorized Representative          Date



# Following Form Excess Liability Policy

ch U.S.

Insurance is provided by the company designated on the declarations page of this policy.

The addresses of the Zurich U.S. companies are shown below:

ZURICH AMERICAN INSURANCE COMPANY OF ILLINOIS
1400 American Lane
Schaumburg, Illinois 60196-1056

AMERICAN ZURICH INSURANCE COMPANY
1400 American Lane
Schaumburg, Illinois 60196-1056

AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY
One Liberty Plaza, 165 Broadway
New York, New York 10006

Administrative Offices of all Zurich U.S. companies are
located at 1400 American Lane, Schaumburg, Illinois 60196-1056

# Notice to Policyholders



**ZURICH**

NO COVERAGE IS PROVIDED BY THIS POLICYHOLDER NOTICE NOR CAN IT BE CONSTRUED TO REPLACE ANY PROVISION OF YOUR POLICY. YOU SHOULD READ YOUR POLICY AND REVIEW YOUR DECLARATIONS PAGE FOR COMPLETE INFORMATION ON THE COVERAGE YOU ARE PROVIDED. IF THERE IS ANY CONFLICT BETWEEN THE POLICY AND THIS SUMMARY, THE PROVISIONS OF THE POLICY SHALL PREVAIL.

THIS NOTICE HAS BEEN PREPARED IN CONJUNCTION WITH THE IMPLEMENTATION OF CHANGES TO YOUR POLICY.

THIS NOTICE PROVIDES INFORMATION CONCERNING YOUR INSURANCE COVERAGE WITH RESPECT TO CLAIMS ARISING OUT OF THE INABILITY OF ANY COMPUTER HARDWARE, OTHER COMPUTERIZED OR ELECTRONIC COMPONENTS, OR SOFTWARE APPLICATIONS TO CORRECTLY PROCESS OR USE DATE-RELATED INFORMATION.

PLEASE READ THIS NOTICE CAREFULLY.

Your renewal policy will include a change as follows:

When the year 2000 arrives, it is anticipated that many computer systems, computer-related systems and other electronic components, software applications and operating systems will fail to process date information correctly. This is because they may have been programmed to store and process only the last two digits of the year in date information. The computer automatically assumes that the first two digits are 19. Hence, today, a computer "sees" 98, and assumes that the year is 1998. When the year 2000 arrives, it may only be able to read the 00 in the year data, and therefore may incorrectly assume that the year is 1900. By way of example, for a person born in 1970, the computer would calculate the person's age in 1999 as follows:

$$99 - 70 = 29 \text{ years old}$$

the year 2000, however, this person's age might be calculated as follows:

$$00 - 70 = -70 \text{ years old (\underline{negative} 70 years old)}$$

This problem is critical because programmers who are capable of fixing this problem are becoming scarce and the problem has to be corrected before the year 2000. Uncorrected, resulting losses may range from lost or corrupted data to damaged inventory. For example, some computers that monitor perishable inventory may destroy inventory as being too old or spoiled when in actuality, the inventory has not expired. There could be claims for injury to persons as well. For example, computerized medical equipment may read dates after 1999 incorrectly and malfunction, causing injury to patients who rely on that equipment.

In addition, various other date-related problems may affect computer systems, computer-related systems and other electronic components, software applications and operating systems. These problems may arise either before or after the year 2000.

Your business may be affected by the year 2000 problem or other date-related problems. Many computers, computer-related systems or other electronic components may experience such problems, and the size, number and specific types of these problems may vary greatly. These problems could range from the failure of a mainframe computer system to operate properly to the malfunction of a computerized fire protection sprinkler system. Since each situation is unique, it is impossible to predict the various computer-related and other electronic problems that you may experience due to the year 2000 problem. It is important that you examine and evaluate your current situation on an individual basis. It may be necessary for a qualified professional computer consultant to analyze your computer systems, computer-related systems and other electronic components, software applications and operating systems for such problems. It may be prudent for you to consult such a professional.

One or more endorsements entitled Exclusion - Year 2000 Date Change is/are attached to your renewal policy. For this reason, you do not have coverage for any claim, loss, cost or expense arising out of any injury or damage caused by or related in any way to the inability of any computer hardware, other computerized or electronic components, software applications or operating systems to correctly process or use date information related to the year 2000 and beyond.

# Notice to Policyholder



**ZURICH**

.. _ COVERAGE IS PROVIDED BY THIS POLICYHOLDER NOTICE NOR CAN IT BE CONSTRUED TO REPLACE ANY PROVISION OF YOUR POLICY. YOU SHOULD READ YOUR POLICY AND REVIEW YOUR DECLARATIONS PAGE FOR COMPLETE INFORMATION ON THE COVERAGE YOU ARE PROVIDED. IF THERE IS ANY CONFLICT BETWEEN THE POLICY AND THIS SUMMARY, THE PROVISIONS OF THE POLICY SHALL PREVAIL.

THIS NOTICE HAS BEEN PREPARED IN CONJUNCTION WITH THE IMPLEMENTATION OF CHANGES TO YOUR POLICY.

THIS NOTICE PROVIDES INFORMATION CONCERNING YOUR INSURANCE COVERAGE WITH RESPECT TO CLAIMS ARISING OUT OF THE INABILITY OF ANY COMPUTER HARDWARE, OTHER COMPUTERIZED OR ELECTRONIC COMPONENTS, OR SOFTWARE APPLICATIONS TO CORRECTLY PROCESS OR USE DATE-RELATED INFORMATION.

## PLEASE READ THIS NOTICE CAREFULLY.

When the year 2000 arrives, it is anticipated that many computer systems, computer-related systems and other electronic components, software applications and operating systems will fail to process date information correctly. This is because they may have been programmed to store and process only the last two digits of the year in date information. The computer automatically assumes that the first two digits are 19. Hence, today, a computer "sees" 98, and assumes that the year is 1998. When the year 2000 arrives, it may only be able to read the 00 in the year data, and therefore may incorrectly assume that the year is 1900. By way of example, for a person born in 1970, the computer would calculate the person's age in 1999 as follows:

$$99 - 70 = 29 \text{ years old}$$

In the year 2000, however, this person's age might be calculated as follows:

$$00 - 70 = -70 \text{ years old (\underline{negative 70 years old})}$$

"his problem is critical because programmers who are capable of fixing this problem are becoming scarce and the problem has to be ' :cted before the year 2000. Uncorrected, resulting losses may range from lost or corrupted data to damaged inventory. For example, some computers that monitor perishable inventory may destroy inventory as being too old or spoiled when, in actuality, the inventory has not expired. There could be claims for injury to persons as well. For example, computerized medical equipment may read dates incorrectly and malfunction, causing injury to patients who rely on that equipment.

In addition, various other date-related problems may affect computer systems, computer-related systems and other electronic components, software applications and operating systems. These problems may arise either before or after the year 2000.

Your business may be affected by the year 2000 problem or other date-related problems. Many computers, computer-related systems or other electronic components may experience such problems, and the size, number and specific types of these problems may vary greatly. These problems could range from the failure of a mainframe computer system to operate properly to the malfunction of a computerized fire protection sprinkler system. Since each situation is unique, it is impossible to predict the various computer-related and other electronic problems that you may experience due to the year 2000 problem and other date related problems. It is important that you examine and evaluate your current situation on an individual basis. It may be necessary for a qualified professional computer consultant to analyze your computer systems, computer-related systems and other electronic components, software applications and operating systems for such problems. It may be prudent for you to consult such a professional.

At renewal, pending state approval, an endorsement entitled **Exclusion - Year 2000 and Other Date-Related Problems** will be attached to your policy. (At issuance, your renewal policy may not contain this endorsement because the regulatory authority in your state has not yet approved it. However, if that regulatory authority subsequently approves this endorsement for an effective date not later than the inception date of your renewal policy, we may then attach the endorsement to your policy to be effective as of its inception date by means of a Policy Change. Otherwise, another exclusion endorsement that addresses the Year 2000 exposure may be attached to your renewal policy.) For this reason, except as specifically prescribed in any exceptions that may be contained in such endorsement(s), coverage is excluded for any claim, loss, cost or expense arising out of any injury or damage caused by or related in any way to the inability or potential inability of any computer hardware, other computerized or electronic components, software applications or operating systems to correctly process or use year 2000 or other date-related information. Please read the endorsement(s) carefully to determine the scope of any exceptions that may apply to the exclusion.

IF YOU DO NOT AGREE TO ACCEPT THIS EXCLUSION ENDORSEMENT TO YOUR RENEWAL POLICY, YOU MUST TELL US THAT YOU DO NOT AGREE BY CONTACTING US AT _____ WITHIN 45 DAYS AFTER YOUR RECEIPT OF THIS NOTICE. IF YOU DO NOT CONTACT US WITHIN THAT 45 DAY PERIOD, WE MUST ASSUME THAT YOU DO AGREE TO ACCEPT THIS EXCLUSION ENDORSEMENT AND, SUBJECT TO REGULATORY PROVAL, THAT ENDORSEMENT WILL BE ATTACHED TO YOUR RENEWAL POLICY.

IF YOU TELL US THAT YOU DO NOT AGREE TO ACCEPT THIS EXCLUSION ENDORSEMENT TO YOUR RENEWAL POLICY WITHIN THAT 45 DAY PERIOD, YOUR POLICY WILL NOT BE RENEWED AND THIS DOCUMENT SHALL SERVE AS YOUR NOTICE OF POLICY NON-RENEWAL.

IF YOU HAVE ANY QUESTIONS REGARDING THIS NOTICE OR THE EXCLUSION ENDORSEMENT DESCRIBED IN THIS NOTICE, PLEASE CALL _____:

# IMPORTANT NOTICE



**Important Notice to Texas Customers:**

**To obtain information or make a complaint:**

You may call Zurich-American's toll-free telephone number for information or to make a complaint at: 1-800-382-2150 (Monday through Friday, 9am-4pm)

You may contact the Texas Department of Insurance to obtain information on companies, coverages, rights or complaints at: 1-800-252-3439

You may write the Texas Department of Insurance:

P.O. Box 149104
Austin, TX 78714-9104
FAX #(512) 475-1771

**Premium or claim disputes:**

Should you have a dispute concerning your premium or about a claim, you should contact the agent or the company first. If the dispute is not resolved, you may contact the Texas Department of Insurance.

Attach this Notice to your Policy:

notice is for information only and does not become a part or condition of the attached document.

# Following Form Excess Liability Policy



**ZURICH**

There are provisions in this policy that restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured. The words "we", "us" and "our" refer to the company providing this insurance.

The word "insured" means any person or organization qualifying as such in the Controlling Underlying Policy, but only to the extent and within the scope for which such "insureds" qualify for coverage in the Controlling Underlying Policy.

In consideration of the payment of the premium and in reliance upon the statements in the Declarations and in accordance with the provisions of this policy we agree with you to provide coverage as follows:

### Insuring Agreements

## SECTION I. COVERAGE

**A.** We will pay on behalf of the insured the sums in excess of the total Underlying Limits of Insurance shown in Item **6.B.** of the Declarations that the insured becomes legally obligated to pay as damages.

**B.** This insurance applies only to damages covered by the Controlling Underlying Policy as shown in Item **6.A.** of the Declarations. Except as otherwise provided by this policy, the coverage follows the definitions, terms, conditions, limitations, and exclusions of the Controlling Underlying Policy in effect at the inception of this policy.

**C.** The amount we will pay for damages is limited as described in **SECTION II. LIMITS OF INSURANCE.**

## SECTION II. LIMITS OF INSURANCE

The Limits of Insurance shown in the Declarations and the rules below describe the most we will pay regardless of the number of:

**1.** Insured's;

**2.** Claims made or suits brought; or

**3.** Persons or organizations making claims or bringing suits.

**B.** The Limits of Insurance of this policy will apply as follows:

**1.** This policy applies only in excess of the Underlying Limits of Insurance shown in Item **6.B.** of the Declarations.

**2.** If our Limits of Insurance stated in Item **4.** of the Declarations are less than the total Limits of Insurance stated in Item **4.**, the limits of our liability shall be that proportion of all damages which our Limits of Insurance bear to the total Limits of Insurance in Item **4.** and which is in excess of the total underlying insurance limits as stated in Item **6.B.** of the Declarations.

**3.** Subject to Paragraph **B. 2.** above, the Occurrence Limit stated in Item **4.A.** of the Declarations is the most we will pay for all damages arising out of any one occurrence to which this policy applies.

**4.** Subject to Paragraphs **B.2.** and **B.3.** above, the limit stated in Item **4.C.** of the Declarations for the Products/Completed Operations Aggregate is the most we will pay for all damages during our policy period under the products/ completed operations hazard.

**5.** Subject to Paragraphs **B.2.** and **B.3.** above, the Other Aggregate Limit stated in Item **4.B.** of the Declarations is the most we will pay for all damages, except for damages covered under the products/completed operations hazard, that are subject to an aggregate limit provided by the Controlling Underlying Policy. The Other Aggregate Limit applies separately and in the same manner as the aggregate limits provided by the Controlling Underlying Policy.

**6.** Subject to Paragraphs **B.2.**, **B.3.**, **B.4.** and **B.5.** above, if the underlying Limits of Insurance stated in Item **6.** of the Declarations are reduced or exhausted solely by payment of damages to which this policy applies, such insurance provided by this policy will apply in excess of the reduced Underlying Limits or, if all Underlying Limits are exhausted, will apply as underlying insurance subject to the same terms, conditions, definitions and exclusions of the Controlling Underlying Policy, except for the terms, conditions, definitions and exclusions of this policy.

7. The Limits of Insurance of this policy apply separately to each consecutive annual period and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the Declarations, unless the policy period is extended after issuance for an additional period of less than 12 months. In that case, the additional period will be deemed part of the preceding period for purposes of determining the Limits of Insurance.

## SECTION III. DEFENSE

A. We will not be required to assume charge of the investigation of any claim or defense of any suit against you.

B. We will have the right, but not the duty, to be associated with you or your underlying insurer or both in the investigation of any claim or defense of any suit which in our opinion may create liability on us for payment under this policy.

C. If all Underlying Limits of Insurance stated in Item 6. of the Declarations are exhausted solely by payment of damages, we shall have the right but not the duty to investigate and settle any claim or assume the defense of any suit which in our opinion may give rise to a payment under this policy. We may, however, withdraw from the defense of such suit and tender the continued defense to you if our applicable Limits of Insurance stated in Item 4. of the Declarations are exhausted by payment of damages.

If we exercise our rights under Paragraphs B. or C. above, we will do so at our own expense, and any such expense payments will not reduce the Limits of Insurance provided by this policy.

## SECTION IV. EXCLUSIONS

This policy does not apply to any liability, damage, loss, cost or expense:

## ASBESTOS

A. Arising out of;

1. The mining, processing, manufacturing, use, testing, ownership, sale or removal of asbestos, asbestos fibers or materials containing asbestos;

2. Exposure to asbestos, asbestos fibers, or material containing asbestos; or

3. Any error or omission in supervision, instructions, recommendations, notices, warnings or advice given, or which should have been given, in connection with asbestos fibers or material containing asbestos.

## POLLUTION

B. 1. Arising directly or indirectly out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.

This exclusion does not apply to bodily injury or property damage arising out of heat, smoke or fumes from a "hostile fire" unless that "hostile fire" occurred or originated:

a. At any premises, site or location which is or was at any time used by or for any insured or others for the handling, storage, disposal, processing or treatment of waste; or

b. At any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations to test for, monitor, clean up, remove, contain, treat, detoxify, neutralize or in any way respond to, or assess the effects of, "pollutants".

2. Arising out of any:

a. Request, demand or order that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants"; or

b. Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of "pollutants".

As used in this exclusion:

1. A "hostile fire" means one which becomes uncontrollable or breaks out from where it was intended to be.

2. "Pollutants" means any solid, liquid, gaseous, or thermal irritant or contaminant including smoke, vapor, soot, fumes, acid, alkalis, chemicals and waste. Waste includes material to be recycled, reconditioned or reclaimed.

## NUCLEAR

**C. 1.** With respect to which any insured under this policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic, Energy Liability Underwriters, Nuclear Insurance Association of Canada or any of their successors, or would be an insured under any such policy but for its termination upon exhaustion of its Limits of Insurance; or

**2.** Resulting from the "hazardous properties" of "nuclear material" and with respect to which:

**a.** A person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof; or

**b.** Any insured is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization; or

**3.** Any injury or "nuclear property damage" resulting from the "hazardous properties" of "nuclear material", if:

**a.** The "nuclear material":

**(i)** Is at any "nuclear facility" owned by, or operated by or on behalf of, any insured; or

**(ii)** Has been discharged or dispersed therefrom;

**b.** The "nuclear material" is contained in "spent fuel" or "waste" at any time possessed, handled, used, processed, stored, transported or disposed of by or on behalf of any insured; or

**c.** The injury or "nuclear property damage" arises out of the furnishing by any insured of services, materials, parts or equipment in connection with the planning, construction, maintenance operation or use of any "nuclear facility", but if such facility is located within the United States of America, its territories or possessions or Canada, this subparagraph **c.** applies only to "nuclear property damage" to such "nuclear facility'" and any property thereat.

As used in this exclusion:

**1.** "Hazardous properties" include radioactive, toxic or explosive properties.

**2.** "Nuclear Facility" means:

**a.** Any "nuclear reactor";

**b.** Any equipment or device designed or used for:

**(i)** Separating the isotopes of uranium or plutonium,

**(ii)** Processing or utilizing "spent fuel", or

**(iii)** Handling, processing or packaging "waste";

**c.** Any equipment or device used for the processing, fabricating or alloying of "special nuclear material" if at any time the total amount of such material in the custody of insured at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235; or

**d.** Any structure, basin, excavation, premises or place prepared or used for the storage or disposal of "waste", and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations;

**3.** "Nuclear material" means "source material", "special nuclear material" or "by-product material";

**4.** "Nuclear property damage" includes all forms of radioactive contamination of   property;

**5.** "Nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material;

**6.** "Source material", "special nuclear material" and "by-product material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof;

7. "Spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a "nuclear reactor";

8. "Waste" means any waste material;

   a. Containing "by-product material" other than the tailings or wastes produced by the extraction or concentration of uranium or thorium from any ore processed primarily for its "source material" content, and

   b. Resulting from the operation by any person or organization of any "nuclear facility" included under the first two paragraphs of the definition of "nuclear facility".

## SECTION V. CONDITIONS

### A. Appeals

In the event you or any underlying insurer elects not to appeal a judgment in excess of the amount of the Underlying Insurance, we may elect to appeal at our expense. If we do so elect, we will be liable for the costs and additional interest accruing during this appeal. In no event will this provision increase our liability beyond the applicable Limits of Insurance described in **SECTION II.** of this policy.

### B. Bankruptcy or Insolvency

The bankruptcy, insolvency or inability to pay of any insured will not relieve us from our obligation to pay damages covered by this policy.

In the event of bankruptcy, insolvency or refusal or inability to pay, of any underlying insurer, the insurance afforded by this policy will not replace such underlying insurance, but will apply as if all the limits of any underlying insurance is fully available and collectible.

### C. Cancellation

1. You may cancel this policy. You must mail or deliver advance written notice to us stating when the cancellation is to take effect.

2. We may cancel this policy. If we cancel because of non-payment of premium, we will mail or deliver to you not less than ten (10) days advance written notice when the cancellation is to take effect. If we cancel for any other reason, we will mail or deliver to you not less than sixty (60) days advance written notice stating when the cancellation is to take effect. Mailing notice to you at your mailing address shown in Item 2. of the Declarations will be sufficient to prove notice.

3. The policy period will end on the day and hour stated in the cancellation notice.

4. If we cancel, final premium will be calculated pro rata based on the time this policy was in force.

5. If you cancel, final premium will be more than pro rata; it will be based on the time this policy was in force and our short rate cancellation table and procedure.

6. Premium adjustment may be made at the time of cancellation or as soon as practicable thereafter but the cancellation will be effective even if we have not made or offered any refund due you. Our check or our representative's check, mailed or delivered, will be sufficient tender of any refund due you.

7. The Named Insured in Item 1. of the Declarations will act on behalf of all other insureds with respect to the giving and receiving of notice of cancellation and the receipt of any premium refund that may become payable under this policy.

### D. Maintenance of Underlying Insurance

During the period of this policy, you agree:

1. To keep the policies making up the Total Limits of Underlying Insurance in Item 6.B. of the Declarations in full force and effect;

2. That the Limits of Insurance of the Underlying Insurance policies will be maintained except for any reduction or exhaustion of aggregate limits by payment of claims or suits for damages covered by Underlying Insurance;

3. The Underlying Insurance policies may not be canceled or not renewed by you without notifying us, and you agree to notify us in the event an insurance company cancels or declines to renew any Underlying Insurance policy;

4. Renewals or replacements of the Controlling Underlying Policy will not be materially changed without our agreement.

If you fail to comply with these requirements, we will only be liable to the same extent that we would have been had you fully complied with these requirements.

**Notice of Occurrence**

1. You must see to it that we are notified as soon as practicable of an occurrence which may result in damages covered by this policy. To the extent possible, notice will include:

   a. How, when and where the occurrence took place;

   b. The names and addresses of any injured persons and witnesses;

   c. The nature and location of any injury or damage arising out of the occurrence.

2. If a claim or suit against any Insured is reasonably likely to involve this policy you must notify us in writing as soon as practicable.

3. You and any other involved insured must:

   a. Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or suit;

   b. Authorize us to obtain records and other information;

   c. Cooperate with us in the investigation, settlement or defense of the claim or suit; and

   d. Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

4. The insureds will not, except at their own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

**F.  Other Insurance**

If other insurance applies to damages that are also covered by this policy, this policy will apply excess of the other insurance. Nothing herein will be construed to make this policy subject to the terms, conditions and limitations of such other insurance. However, this provision will not apply if the other insurance is written to be excess of this policy.

Other insurance includes any type of self-insurance or other mechanism by which an insured arranges for funding of legal liabilities.

**G.  Terms Conformed to Statute**

The terms of this policy which are in conflict with the statutes of the state where this policy is issued are amended to conform to such statutes. If we are prevented by law or statute from paying on behalf of the insured, then we will, where permitted by law or statute, indemnify the insured.

**H.  When Damages are Payable**

Coverage under this policy will not apply unless and until the insured or the insured's underlying insurance has paid or is obligated to pay the full amount of the Underlying Limits of Insurance stated in Item 6.B. of the Declarations.

When the amount of damages is determined, we will promptly pay on behalf of the insured the amount of damages covered under the terms of this policy.

Endorsement # 1

# Absolute Pollution Exclusion



ZURICH

| Policy No. | Eff. Date of Pol. | Exp. Date of Pol. | Eff. Date of End. | Producer | Add'l Prem. | Return Prem. |
|---|---|---|---|---|---|---|
| AEC 3597023 00 | 07/01/1999 | 07/01/2000 | 07/01/1999 | 88004000 | None | None |

**Named Insured and Mailing Address:**

D. R. Horton, Inc.
1901 Ascension Blvd
Arlington, TX  760066521

**Producer:**

WILLIS CORROON CORP.OF FL
7650 COURTNEY CAMPBELL CY   SUITE 920
TAMPA, FL  33607

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

**SECTION IV. – EXCLUSIONS, EXCLUSION B.** is replaced by the following:

**B.** **1.** Arising directly or indirectly out of the actual, alleged or threatened existence, discharge, seepage, migration, disposal, release or escape of "pollutants."

**2.** Arising out of any:

   **a.** Request, demand, or order that any insured or others test for, monitor, clean-up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants;" or

   **b.** Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of "pollutants."

**3.** It is the intent and effect of this endorsement to exclude any or all coverage afforded by this policy for any claim, action, judgment, liability, settlement, defense, or expense in any way arising out of an actual, alleged or threatened existence, discharge, seepage, migration, disposal, release or escape of "pollutants." It applies whether such results from any insured's activities or the activities of others, or is sudden, gradual, accidental, intended, foreseeable, expected, fortuitous, or inevitable. And it applies wherever or however such occurs.

As used in this endorsement, "pollutants" means any man-made or naturally occurring solid, liquid, gaseous or thermal irritant or contaminant, including but not limited to: smoke; vapor; soot; fumes; acids; alkalis; chemicals; and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

Signed by: _____
    Authorized Representative

10-25-99
_____
Date

Endorsement # 2

# Texas Policyholder Notice
## Asbestos Exclusion


**ZURICH**

| Policy No. | Eff. Date of Pol. | Exp. Date of Pol. | Eff. Date of End. | Producer | Add'l Prem. | Return Prem. |
|---|---|---|---|---|---|---|
| AEC 3597023 00 | 07/01/1999 | 07/01/2000 | 07/01/1999 | 88004000 | None | None |

**Named Insured and Mailing Address:**

D. R. Horton, Inc.
1901 Ascension Blvd
Arlington, TX 760066521

**Producer:**

WILLIS CORROON CORP. OF FL
7650 COURTNEY CAMPBELL CY   SUITE 920
TAMPA, FL 33607

## NOTICE TO TEXAS POLICYHOLDER

This notice is to advise you that this Following Form Excess Liability Policy includes an exclusion for any liability, damage, loss, cost or expense arising out of asbestos.

Endorsement # 3

# Discrimination Exclusion


**ZURICH**

| Policy No. | Eff. Date of Pol. | Exp. Date of Pol. | Eff. Date of End. | Producer | Add'l Prem. | Return Prem. |
|---|---|---|---|---|---|---|
| AEC 3597023 00 | 07/01/1999 | 07/01/2000 | 07/01/1999 | 88004000 | None | None |

**Named Insured and Mailing Address:**

D. R. Horton, Inc.
1901 Ascension Blvd
Arlington, TX  760066521

**Producer:**

WILLIS CORROON CORP.OF FL
7650 COURTNEY CAMPBELL CY     SUITE 920
TAMPA, FL  33607

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

This policy does not apply to any liability, damage, loss, cost or expense based upon, arising out of, or alleging discrimination against any person.

Discrimination includes but is not limited to discrimination on the basis of age, ethnic origin, marital status, physical or mental hardship, race, religious affiliation, sex or sexual orientation.

Signed by: _Robert W. Sh_ _____     Date _10-25-99_ _____

      Authorized Representative                                    Date

Endorsement # 4

# Known Loss And Loss In Progress Exclusion



**ZURICH**

| Policy No. | Eff. Date of Pol. | Exp. Date of Pol. | Eff. Date of End. | Producer | Add'l Prem. | Return Prem. |
|---|---|---|---|---|---|---|
| AEC 3597023 00 | 07/01/1999 | 07/01/2000 | 07/01/1999 | 88004000 | None | None |

**Named Insured and Mailing Address:**

D. R. Horton, Inc.
1901 Ascension Blvd
Arlington, TX  760066521

**Producer:**

WILLIS CORROON CORP.OF FL
7650 COURTNEY CAMPBELL CY    SUITE 920
TAMPA, FL  33607

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

This policy does not apply to any liability, damage, loss, cost or expense arising out of:

1. Any injury or damage which incepts prior to the effective date of this policy; or

2. Any occurrence, loss, or claim of which the insured had knowledge or notice prior to the effective date of this policy; or

3. Any claim for injury or damage which is first asserted against the insured prior to the effective date of this policy.

Signed by: _____       10-25.99
           Authorized Representative        Date

Endorsement # 5

# Designated Premises Exclusion



**ZURICH**

| Policy No. | Eff. Date of Pol. | Exp. Date of Pol. | Eff. Date of End. | Producer | Add'l Prem. | Return Prem. |
|---|---|---|---|---|---|---|
| AEC 3597023 00 | 07/01/1999 | 07/01/2000 | 07/01/1999 | 88004000 | None | None |

**Named Insured and Mailing Address:**

D. R. Horton, Inc.
1901 Ascension Blvd
Arlington, TX  760066521

**Producer:**

WILLIS CORROON CORP. OF FL
7650 COURTNEY CAMPBELL CY    SUITE 920
TAMPA, FL  33607

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

This policy does not apply to any liability, damage, loss, cost or expense arising out of:

1. The ownership, maintenance or use of the premises designated in the Schedule listed below, or any property located thereon;

2. Operations on such premises or elsewhere which are necessary or incidental to the ownership, maintenance or use of such premises; or

   Goods or products manufactured at or distributed from such premises.

## SCHEDULE OF EXCLUDED PREMISES

Description and location of premises:

1) Country Club Park, Grand Prairie, Texas (as respects to subsidence claims only)

2) Cambridge Estate, Corrollton, Texas (as respects to subsidence claims only)

Signed by: _____    10-25-99

Authorized Representative                Date

Includes copyrighted material of Insurance Services Office, Inc. with its permission
Copyright, Insurance Services Office, Inc. 1985

U-EXS-123-A-CW  (4/99)
Page 1 of 1

Endorsement # 6

## Texas Policyholder Notice
## Lead Exclusion



**ZURICH**

| Policy No. | Eff. Date of Pol. | Exp. Date of Pol. | Eff. Date of End. | Producer | Add'l Prem. | Return Prem. |
|---|---|---|---|---|---|---|
| AEC 3597023 00 | 07/01/1999 | 07/01/2000 | 07/01/1999 | 88004000 | None | None |

**Named Insured and Mailing Address:**

D. R. Horton, Inc.
1901 Ascension Blvd
Arlington, TX  760066521

**Producer:**

WILLIS CORROON CORP. OF FL
7650 COURTNEY CAMPBELL CY    SUITE 920
TAMPA, FL  33607

### NOTICE TO TEXAS POLICYHOLDER

This notice is to advise you that this Following Form Excess Liability Policy includes an exclusion for any liability, damage, loss, cost or expense arising out of lead.

Endorsement # 7

# Texas Abuse Or Molestation Exclusion



**ZURICH**

| Policy No. | Eff. Date of Pol. | Exp. Date of Pol. | Eff. Date of End. | Producer | Add'l Prem. | Return Prem. |
|---|---|---|---|---|---|---|
| AEC 3597023 00 | 07/01/1999 | 07/01/2000 | 07/01/1999 | 88004000 | None | None |

**Named Insured and Mailing Address:**

D. R. Horton, Inc.
1901 Ascension Blvd
Arlington, TX  760066521

**Producer:**

WILLIS CORROON CORP.OF FL
7650 COURTNEY CAMPBELL CY   SUITE 920
TAMPA, FL  33607

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

This policy does not apply to any liability, damage, loss, cost or expense arising out of:

1. The actual, threatened or alleged "abuse" or molestation by anyone of any person in the care custody or control of any insured; or

2. The negligent:

    a.   employment;

    b.   investigation;

    c.   supervision;

    d.   reporting to the proper authorities, or failure to so report; or

    e.   retention;

Of a person for whom any insured is or ever was legally responsible for their conduct, arising out of any actual, threatened or alleged "abuse" or molestation by anyone of any person.

**Definition:**

As used in this endorsement, "abuse" means an act which is committed with the intent to cause harm.

Signed by: _____        10-25-99
                Authorized Representative                    Date

U-EXS-221-A TX  (4/99)
Page 1 of 1

Endorsement # 8

# Insurance Related Operations Exclusion



**ZURICH**

| Policy No. | Eff. Date of Pol. | Exp. Date of Pol. | Eff. Date of End. | Producer | Add'l Prem. | Return Prem. |
|---|---|---|---|---|---|---|
| AEC 3597023 00 | 07/01/1999 | 07/01/2000 | 07/01/1999 | 88004000 | None | None |

**Named Insured and Mailing Address:**

D. R. Horton, Inc.
1901 Ascension Blvd
Arlington, TX 760066521

**Producer:**

WILLIS CORROON CORP.OF FL
7650 COURTNEY CAMPBELL CY    SUITE 920
TAMPA, FL 33607

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

This policy does not apply to any liability, damage, loss, cost or expense arising out of:

1.  Any obligation assumed by any insured under any contract or treaty of insurance, reinsurance, surety ship, annuity, endowment or employee benefit plan, including applications, receipts or binders therefor;

2.  The failure to discharge, or the improper discharge of, any obligation or duty, contractual or otherwise any contract or treaty of insurance, reinsurance, surety ship, annuity, endowment or employee benefit plan, including applications, receipts or binders therefor;

3.  Membership in or contribution to any plan, pool, association, insolvency or guarantee fund or any similar fund, organization or association, whether voluntary or involuntary; or

4.  The rendering of or failure to render professional services in:

    a.  Advising, inspecting, reporting or making recommendations in the insured's capacity as an insurance company, consultant, broker, agent or representative thereof;

    b.  Effecting insurance, reinsurance, or surety ship coverage;

    c.  Investigating, defending or settling any claim under any contract of insurance, self insurance, reinsurance or surety ship;

    d.  Auditing of accounts or records of others;

    e.  Conducting an investment, loan or real estate department or operation;

    f.  Acting in any capacity as a fiduciary or trustee for mutual funds, pension or welfare funds or other similar activities; or

    g.  Performing any claim, investigative, adjustment, engineering inspection, or data processing service.

Signed by: _Robert W. Ah_    _10-25-99_

      **Authorized Representative**    **Date**

Includes copyrighted material of Insurance Services Office, Inc. with its permission
Copyright, Insurance Services Office, Inc. 1985

U-EXS-142-A CW (4/99)
Page 1 of 1

**Endorsement # 9**

# Texas Sexually Transmitted Disease Exclusion



**ZURICH**

| Policy No. | Eff. Date of Pol. | Exp. Date of Pol. | Eff. Date of End. | Producer | Add'l Prem. | Return Prem. |
|---|---|---|---|---|---|---|
| AEC 3597023 00 | 07/01/1999 | 07/01/2000 | 07/01/1999 | 88004000 | None | None |

**Named Insured and Mailing Address:**

D. R. Horton, Inc.
1901 Ascension Blvd
Arlington, TX  760066521

**Producer:**

WILLIS CORROON CORP. OF FL
7650 COURTNEY CAMPBELL CY     SUITE 920
TAMPA, FL  33607

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

This policy does not apply to any liability, damage, loss, cost or expense arising out of the transmission of any sexually transmitted disease by any insured or by any person for whose acts any insured is legally liable.

Signed by: _Robert W. Sth_ _____     Date _10-25-99_ _____
Authorized Representative

Endorsement # 10

# Texas Policyholder Notice
## Electromagnetic Radiation Exclusion



**ZURICH**

| Policy No. | Eff. Date of Pol. | Exp. Date of Pol. | Eff. Date of End. | Producer | Add'l Prem. | Return Prem. |
|---|---|---|---|---|---|---|
| AEC 3597023 00 | 07/01/1999 | 07/01/2000 | 07/01/1999 | 88004000 | None | None |

**Named Insured and Mailing Address:**

D. R. Horton, Inc.
1901 Ascension Blvd
Arlington, TX 760066521

**Producer:**

WILLIS CORROON CORP. OF FL
7650 COURTNEY CAMPBELL CY    SUITE 920
TAMPA, FL 33607

### NOTICE TO TEXAS POLICYHOLDER

This notice is to advise you that this Following Form Excess Liability Policy includes an exclusion for any liability, damage, loss, cost or expense arising out of electromagnetic radiation or exposure to electromagnetic radiation.

Endorsement # 11

# Exclusion - Year 2000 And Other Date-Related Problems



**ZURICH**

| Policy No. | Eff. Date of Pol. | Exp. Date of Pol. | Eff. Date of End. | Producer | Add'l Prem. | Return Prem. |
|---|---|---|---|---|---|---|
| AEC 3597023 00 | 07/01/1999 | 07/01/2000 | 07/01/1999 | 88004000 | None | None |

**Named Insured and Mailing Address:**

D. R. Horton, Inc.
1901 Ascension Blvd
Arlington, TX 760066521

**Producer:**

WILLIS CORROON CORP. OF FL
7650 COURTNEY CAMPBELL CY    SUITE 920
TAMPA, FL 33607

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

This exclusion modifies insurance provided by the following:

**Commercial Umbrella Liability Policy**
**Follow Form Excess Liability Policy**

**With respect to coverage(s) provided under this policy, the following additional exclusion applies and supersedes any policy provision to the contrary.**

A.  This insurance does not apply to any sums the insured becomes legally obligated to pay as damages, or to any loss, cost or expense, arising out of or traceable to, whether wholly or in part, directly or indirectly, regardless of any other cause or event that contributes concurrently or in any sequence to such damages, loss, cost or expense:

   1.  Any possible, potential, anticipated, actual, or alleged failure, malfunction, problem, deficiency, fault, inadequacy, problem or reduced usefulness of:

      a.  Any of the following (whether owned, possessed, controlled, or operated by any insured or any others):

         (1)  Computer hardware;

         (2)  Computer software;

         (3)  Computer applications;

         (4)  Computer operating systems and related software;

         (5)  Computer networks, networking equipment, or data transmission systems;

         (6)  An "embedded system";

         (7)  Electronic media or data; or

         (8)  Any other computerized or electronic equipment, devices or components; or

      b.  Any products, services, or data, whether owned, possessed, controlled, provided, or performed by, for or on behalf of any insured or any others, that directly or indirectly uses or relies upon, in any manner, any of the items listed in Paragraph A.1.a. above;

      c.  "Your product" or any part of it; or

      d.  "Your work" or any part of it;

      relating to or resulting from any date-related function, operation or data including, but not limited to, any function, operation or data related to the year 2000 and beyond.

Included copyrighted material of Insurance Services Office, Inc. with its permission
Copyright, Insurance Services Office, Inc. 1997
(For use with Liability and other related forms)

U-GL-955-A CW  (6/98)
Page 1 of 2

2.  Any advice, consultation, design, evaluation, inspection, installation, maintenance, repair, replacement, supervision, or any other service, provided or performed, or not provided or performed, at any time to test for, determine, evaluate, rectify, verify or check for any possible, potential, anticipated, actual or alleged failure, malfunction, deficiency, fault, inadequacy, or reduced usefulness of any of the items described in Paragraph A.1.a. through Paragraph A.1.d. above relating to or resulting from any date-related function, operation or data.

3.  Any failure to warn, alert, caution, notify or advise of any possible, potential, anticipated, actual or alleged failure, malfunction, deficiency, fault, inadequacy, or reduced usefulness of any of the items described in Paragraph A.1.a. through Paragraph A.1.d. above relating to or resulting from any date-related function, operation or data.

B.  For purposes of this endorsement, the following definition is added:

"Embedded system" means any microprocessor, computer chip, integrated circuit, embedded chip, or transistorized module of any type which is a component of any electronic or mechanical device, appliance, or equipment. "Embedded system" also means any operating system, application, or software that is used with any such microprocessor, computer chip, integrated circuit, embedded chip, or transistorized model.

Signed by: _____       10-25-99
            **Authorized Representative**      Date

Endorsement # 12

# Texas Changes - Settlement Notification


**ZURICH**

| Policy No. | Eff. Date of Pol. | Exp. Date of Pol. | Eff. Date of End. | Producer | Add'l Prem. | Return Prem. |
|---|---|---|---|---|---|---|
| AEC 3597023 00 | 07/01/1999 | 07/01/2000 | 07/01/1999 | 88004000 | None | None |

**Named Insured and Mailing Address:**

D. R. Horton, Inc.
1901 Ascension Blvd
Arlington, TX  760066521

**Producer:**

WILLIS CORROON CORP.OF FL
7650 COURTNEY CAMPBELL CY   SUITE 920
TAMPA, FL  33607

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

SECTION V. CONDITIONS  is amended to include the following:

Notice of Settlement of Liability Claim

a.  We will notify you in writing of any initial offer to compromise or settle a claim against your policy. We will give you notice within 10 days after the date the offer is made.

b.  We will notify you in writing of any settlement of a claim against you under the liability section of this policy. We will give you notice within 30 days after the date of settlement.

Signed by: _____
Authorized Representative

Date: 10-25-99

U-EXS-222-A TX (4/99)
Page 1 of 1

Endorsement # 13

# Texas Changes



**ZURICH**

| Policy No. | Eff. Date of Pol. | Exp. Date of Pol. | Eff. Date of End. | Producer | Add'l Prem. | Return Prem. |
|---|---|---|---|---|---|---|
| AEC 3597023 00 | 07/01/1999 | 07/01/2000 | 07/01/1999 | 88004000 | None | None |

**Named Insured and Mailing Address:**

D. R. Horton, Inc.
1901 Ascension Blvd
Arlington, TX 760066521

**Producer:**

WILLIS CORROON CORP. OF FL
7650 COURTNEY CAMPBELL CY    SUITE 920
TAMPA, FL 33607

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

A.  **CONDITION C. Cancellation, paragraphs 2., 3. and 4.** are deleted and replaced by the following:

We may cancel this policy by mailing or delivering to you written notice of cancellation, stating the reason for cancellation, at least 10 days before the effective date of cancellation.

a.  If this policy has been in effect for 60 days or less, we may cancel for any reason except that under the provisions of the Texas Insurance Code, we may not cancel this policy solely because the policyholder is an elected official.

b.  If this policy has been in effect for more than 60 days, or if it is a renewal or continuation of a policy issued by us, we may cancel only for one or more of the following reasons:

(1)  Fraud in obtaining coverage;

(2)  Failure to pay premiums when due;

(3)  An increase in hazard within the control of the insured which would produce an increase in rate;

(4)  Loss of our reinsurance covering all or part of the risk covered by the policy; or

(5)  If we have been placed in supervision, conservatorship or receivership and the cancellation is approved or directed by the supervisor, conservator or receiver.

c.  Notice to you is deemed to be notice to all insureds.

d.  Return of unearned premium is not a condition of cancellation.

B.  The following **CONDITION** is added and supersedes any provision to the contrary:

**Nonrenewal**

1.  We may elect not to renew this policy except, under the provisions of the Texas Insurance Code, we may not refuse to renew this policy solely because the policyholder is an elected official.

2.  If we elect not to renew this policy, we may do so by mailing or delivering to you, at the last mailing address known to us, written notice of nonrenewal, stating the reason for nonrenewal, at least 60 days before the expiration date.

If notice is mailed or delivered less than 60 days before expiration, this policy will remain in effect until the 61st day after the date on which the notice is mailed or delivered. Earned premium for any period of coverage that extends beyond the expiration date will be computed pro rata based on the previous year's premium.

3.  If notice is mailed, proof of mailing will be sufficient proof of notice.

4.  The transfer of a policyholder between admitted companies within the same insurance group is not considered a refusal to renew.

5.  Notice to you is deemed to be notice to all insureds.

Signed by: _____    _____
Authorized Representative                Date   10-25-99

Endorsement # 14

# Contractors Limitation Endorsement



**ZURICH**

| Policy No. | Eff. Date of Pol. | Exp. Date of Pol. | Eff. Date of End. | Producer | Add'l Prem. | Return Prem. |
|------------|-------------------|-------------------|-------------------|----------|-------------|--------------|
| AEC 3597023 00 | 07/01/1999 | 07/01/2000 | 07/01/1999 | 88004000 | None | None |

**Named Insured and Mailing Address:**

D. R. Horton, Inc.
1901 Ascension Blvd
Arlington, TX  760066521

**Producer:**

**WILLIS CORROON CORP.OF FL**
**7650 COURTNEY CAMPBELL CY    SUITE 920**
**TAMPA, FL  33607**

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

This policy does not apply to any liability, damage, loss, cost or expense:

1.  Arising out of any project insured under a wrap-up or any consolidated insurance program:

2.  Arising out of the rendering or failure to render any professional services by any insured or by any person for whose acts any insured is legally liable in the conduct of the insured's business as an architect, engineer or surveyor, including, but not limited to:

    a.  The preparation or approval or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications; and

    b.  Supervisory, inspection or engineering services.

Signed by: _____          10-25-99

           Authorized Representative          Date

Includes copyrighted material of Insurance Services Office, Inc. with its permission
Copyright, Insurance Services Office, Inc. 1985

U-EXS-116-A CW  (4/99)
Page 1 of 1

Endorsement # 15

# otice Of Occurrence Endorsement



**ZURICH**

| Policy No. | Eff. Date of Pol. | Exp. Date of Pol. | Eff. Date of End. | Producer | Add'l Prem. | Return Prem. |
|---|---|---|---|---|---|---|
| AEC 3597023 00 | 07/01/1999 | 07/01/2000 | 07/01/1999 | 88004000 | None | None |

**Named Insured and Mailing Address:**

D. R. Horton, Inc.
1901 Ascension Blvd
Arlington, TX  760066521

**Producer:**

WILLIS CORROON CORP. OF FL
7650 COURTNEY CAMPBELL CY    SUITE 920
TAMPA, FL  33607

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

This endorsement modifies insurance provided under the:

Commercial Umbrella Liability Policy
Follow Form - Excess Liability Policy

Any Notice of Occurrence as required in Section V. condition 5 of the policy should be reported:

> Account Service Center
> Attention:  Claims Department
> Zurich-American Insurance Group
> 1400 American Lane
> Schaumburg, Illinois   60196-1056

Signed by: _Robert W. Ath_____     _10·25·99_____

Authorized Representative                         Date

U-EXS-150-A CW  (4/99)
Page 1 of 1

# In Witness Clause



**ZURICH**

In return for the payment of premium, and subject to all the terms of the policy, we agree with you to provide insurance as stated in this policy.  This policy shall not be valid unless countersigned by the duly authorized Representative of the Company.

In Witness Whereof, this Company has executed and attested these presents, and where required by law, has caused this policy to be countersigned by its duly authorized Representative.

**President**
**American Guarantee and Liability Insurance Company**
**American Zurich Insurance Company**
**Zurich American Insurance Company of Illinois**
　　**Administrative Offices**
　　**Zurich Towers**
　　**1400 American Lane**
　　**Schaumburg, Illinois   60196-1056**

**Corporate Secretary**

---

**QUESTIONS ABOUT YOUR INSURANCE?**  Your agent or broker is best equipped to provide information about your insurance.  Should you require additional information or assistance in resolving a complaint, call or write to the following (please have your policy or claim number ready):

Zurich U.S.
Customer Inquiry Center
1400 American Lane
Schaumburg, Illinois  60196-1056
**1-800-382-2150 (Business Hours:  8am - 4pm [CT])**